FILED

2007 Oct-05  PM 12:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DONALD WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 5:07-CV-1320-VEH** |
| | ) |
| **SPORTSSTUFF, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

---

## MEMORANDUM OPINION

Before the court is the motion of the plaintiff, Donald Williams (hereinafter "Plaintiff") to remand this action to the Circuit Court of Madison County, Alabama. (doc. 4). The motion also requests an award of costs, expenses and attorney fees. (Id.). For the reasons set forth herein, the motion is due to be **GRANTED in part and DENIED in part**.

## I.    FACTUAL HISTORY

Defendant Sportsstuff, Inc., (hereinafter "Sportsstuff") is a corporation engaged in the business of designing, manufacturing, importing, advertising, distributing, and selling Wego Kite Tubes. (doc. 1, pg. 5, ¶ 2). Defendant Overtons, Inc. (hereinafter "Overton's") is also engaged in the advertising, distribution, and sale of Wego Kite

Tubes.  (Id., ¶ 3).  At some point prior to June 3, 2006, Overton's entered into an agreement with Sportsstuff, wherein Overton's acted as a distributor, seller, and/or retailer for the sale of Wego Kite Tubes designed and manufactured by Sportsstuff. (Id., ¶ 5).  Pursuant to said agreement, Overton's regularly mailed catalogues throughout the State of Alabama that contained solicitations for the Wego Kite Tube. (Id.).

Plaintiff received one such catalogue at his home in Alabama on a date unspecified in the Complaint.  (Id.).  In response, a Model 53-5000 Wego Kite Tube "was purchased," presumably by Plaintiff.[1]  (Id., ¶¶ 6-7).

On or about June 3, 2006, Plaintiff was riding a Wego Kite Tube matching the description, *supra*,[2] that was being towed by a power boat on the Tennessee River in Marshall County, Alabama.  (Id., ¶ 8).  According to Plaintiff, he was holding on to the grips attached to the Tube when the Tube became airborne.[3]  Plaintiff was ejected from the Tube and fell "from a substantial height" into the water, causing him serious

---

[1]  The Model 53-5000 Wego Kite Tube is a 10-foot-wide circular inflatable water craft designed for towing behind a motorized boat.  (Id., ¶ 7).  The Tube is designed for a single rider, and is intended to become airborne at speeds greater than 25 miles per hour.  (Id.).

[2]  While it is not clear from the Complaint, the court assumes that said Tube is the same as that allegedly purchased by Plaintiff via catalogue order.

[3]  The Complaint contains no reference as to how fast the boat was moving when the Tube became airborne.

and permanent injuries.[4]  (Id.).

According to the Complaint, Defendants voluntarily recalled all Wego Kite Tubes in cooperation with the United States Consumer Product Safety Commission on July 13, 2006.  (Id., ¶ 9).

## II.  PROCEDURAL HISTORY

Plaintiff initiated this action by filing his Complaint with the Circuit Court of Madison County, Alabama, on June 13, 2007.  (doc. 1, pp. 5-10).  In said Complaint, Plaintiff asserted claims against both Sportsstuff and Overton's for violation of the Alabama Extended Manufacturer's Liability Doctrine and for breach of express warranty and/or implied warranty of merchantability.  (Counts Two, Three).  Plaintiff also asserted a claim against Sportsstuff for negligence/wantonness.  (Count One). In a fourth count, Plaintiff asserted claims against various – and yet unspecified – fictitious parties "under any theory of law advanced in this Complaint or in any amended complaint."  (Id., pg. 10).  Plaintiff requested compensatory and punitive damages in the amount of $74,500.  (Id. pp. 4-6)

Sportsstuff, with the consent of Overton's, removed the action to this court on July 18, 2007.  (doc. 1).  The purported basis for removal is diversity jurisdiction

---

[4]  Specifically, Plaintiff was knocked unconscious, receiving a contusion to his head, and injured his right shoulder, requiring surgery.  (doc. 1, pg. 6, ¶ 11(a)). He also suffered neck and chest wall contusions and a lacerated kidney.  (Id.).

pursuant to 28 U.S.C. §§ 1332(a) and 1441(a).  (doc. 1, ¶ 4).

Plaintiff filed the pending Motion to Remand this action back to the Circuit Court of Madison County on August 9, 2007.  (doc. 5).  In said motion, Plaintiff also moved the court to award him costs, expenses, and attorney fees incurred as a result of the allegedly improper removal to this court.

## III.   ANALYSIS

### 1.   Motion to Remand

As explained *supra*, Sportsstuff's purported basis for removal is diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).  (doc. 1 ¶ 4).  It is undisputed that there is complete diversity of citizenship between the named parties to this action.

Plaintiff avers, however, that this action is due to be remanded because the amount in controversy requirement is not satisfied.  Sportsstuff disagrees.[5]

In removal cases, where the plaintiff has specifically sought damages below the jurisdictional minimum, the removing party has the burden of demonstrating to a legal certainty that the amount in controversy requirement is satisfied.  *See Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

To determine whether the jurisdictional minimum is in controversy, the court

---

[5]  Overton's has not responded to the Motion to Remand.

must consider the amount in controversy as assessed when the Complaint was filed. *Hill v. MONY Life Ins. Co.*, 75 F.Supp.2d 1328, 1330 (M.D.Ala. 1999).  The court may, however, also consider post-removal evidence to aid its determination. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

In support of his argument that removal was improper, Plaintiff offers the affidavit of his attorney who, based on his "personal first-hand knowledge," attests that he believed in good faith that the amount in controversy and the value of his client's case did not exceed $75,000 when the Complaint was filed.  (doc. 4, exh. A, ¶ 6).  The affidavit further explains that the case "is worth no more than $74,500, *in toto*, for all the claims, exclusive of interest and costs."  (Id.).

However, Sportsstuff responds that removal was proper because, if Plaintiff's damages claims are <u>aggregated</u> – which Sportsstuff argues they should be – the amount in controversy clearly exceeds $75,000.

In support of this argument, Sportsstuff avers that, despite the affidavit of Plaintiff's counsel, Plaintiff has not limited his damages request to $74,500 *in toto*. Each of the four claims in the Complaint contains its <u>own</u> damages request for $74,500.  (doc. 1, pp. 8-10).  Hence, it appears on the face of the Complaint that Plaintiff seeks a separate award in that amount for <u>each</u> claim.  (doc. 1, pp. 4-6). Therefore, Sportsstuff argues, Plaintiff's separate damages requests must be

5

aggregated to determine the actual amount in controversy.

Plaintiff avers, however, that the court should not aggregate his separate damages requests to determine the amount in controversy.  Plaintiff supports this argument by directing the court to *Pollock v. Trustmark Ins. Co.*, 367 F.Supp.2d 293, 301 (E.D.N.Y. 2005) ("No case [ ] allows the aggregation of claims which seek the same damages in claims under varying theories") (emphasis added); and *Gallo v. Homelite Consumer Products*, 371 F.Supp.2d 943, 947 (N.D.Ill. 2005) ("where two or more claims are alternative theories of recovery for the same harm, they may not be aggregated") (emphasis added).

Plaintiff argues that, while he alleges four separate claims against the defendants, each claim is an alternative theory of recovery for the same injury. Therefore, Plaintiff avers, the court may not aggregate his separate damages requests to determine the amount in controversy.

Sportsstuff argues that neither *Pollock* nor *Gallo* are on point with the facts of this case.  In *Pollock*, the plaintiff asserted alternative theories of recovery against the same defendant.  367 F.Supp.2d 293.  Here, Plaintiff asserts his so-called alternative theories against different defendants who allegedly engaged in different conduct leading to this action.  In *Gallo*, it is not clear from the opinion whether the plaintiff asserted the same or different claims against each defendant.  371 F.Supp.2d 943.

6

Nevertheless, the court reasoned that

> [a] plaintiff is allowed to aggregate two or more of his claims against a defendant in order to satisfy the jurisdictional amount requirement. *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1121 (7th Cir.1998). However, where two or more claims are alternative theories of recovery for the same harm, they may not be aggregated. *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir.1997); *Holmes v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 158 F.Supp.2d 866 (N.D.Ill.2001). A plaintiff "may have only one satisfaction for an injury, regardless of whether multiple theories of recovery are sought for that injury." *Holmes*, 158 F.Supp.2d at 868 (quoting *Kipnis v. Meltzer*, 253 Ill.App.3d 67, 68, 192 Ill.Dec. 360, 625 N.E.2d 320, 322 (1993); other citations omitted ). <u>All of plaintiff's claims seek to recover for the same personal injuries</u> that he suffered as a result of the allegedly defective weed trimmer.
>
> In *Holmes*, the court found that the claims for relief under two different counts could not be aggregated to meet the jurisdictional requirement, where "[t]he injury alleged and relief sought in both counts [were] the same." 158 F.Supp.2d at 868. Though plaintiff is correct that tort claims such as negligence and strict liability serve a different purpose than contract-based claims such as breach of warranty, <u>in plaintiff's case all claims seek the exact same damages for the same personal injury</u>. Plaintiffs' warranty claims, just like his tort claims, seek damages for his personal injury. It would be improper to aggregate these requests for relief, which seek compensation for the same harm. Compare *Hill v. United Insurance Co. of America*, 998 F.Supp. 1333, 1337 (M.D.Ala.1998)("As clear as it is that a plaintiff may recover both in contract and tort for the same events, it is also clear that a plaintiff may not get a 'double recovery' .... [W]hatever items of damage are compensated for as damage resulting from the breach of contract may not also be compensated for as damages in a tort claim."), with *Connolly v. Volvo Trucks North America*, Inc., 208 F.R.D. 600, 601 (N.D.Ill.2002)(aggregating the ad damnum's of plaintiff's three claims because each claim asserted its own basis for compensation-Count I

sought damages for decedent's pain and suffering prior to death, Count II sought damages for survivors' pecuniary loss due to decedent's death, and Count III sought damages for medical and funeral expenses as a result of decedent's death).

371 F.Supp.2d at 947 (emphasis added).

Despite Sportsstuff's attempt to distinguish *Gallo*, the court's reasoning therein is persuasive and hereby adopted by this court as applied to this action. The court does not find it appropriate to aggregate Plaintiff's damages request to conclude that the amount in controversy requirement is satisfied.

Furthermore, Plaintiff has presented evidence, via the affidavit of his attorney, that the value of his case does not exceed $75,000. (doc. 4, exh. A). While Sportsstuff offers a sound argument to contradict Plaintiff's position, such argument falls short of demonstrating to a legal certainty that the amount in controversy is satisfied.

To meet its burden, Sportsstuff must demonstrate that, if Plaintiff prevails on his claims, he cannot recover less than $75,000. *See, e.g., Burns*, 31 F.3d at 1096 (explaining the "legal certainty" standard as follows: "[a] defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000]"). Sportsstuff, however, argues merely

that, based on its argument *supra*, the court may "reasonably interpret" the Complaint as requesting aggregated damages in excess of $75,000. This argument is inapposite, as it fails to demonstrate to a legal certainty that the jurisdictional minimum is in controversy. As Sportsstuff offers no further argument or evidence to support the propriety of removal in this case, the Motion to Remand is due to be **GRANTED**.[6]

### 2.    Motion for costs, expenses, and attorney fees

Plaintiff next argues that, pursuant to 28 U.S.C. § 1447(c), he is entitled to an award of costs, expenses, and attorney fees incurred while seeking remand of this action.[7]

In support of this argument, Plaintiff cites to *Caldwell v. United Ins. Co. of*

---

[6] As an additional basis for remand, the court finds that, at best, the arguments offered by Sportsstuff create uncertainty as to whether the amount in controversy requirement is satisfied. In such cases, the controlling law of this circuit mandates remand to State court. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th Cir. 2006) ("The rule of construing removal statutes strictly and resolving doubts in favor of remand [ ] is well-established"), citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) ("[T]he policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of [removal statutes]"); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366, 369, 154 L.Ed.2d 368 (2002) ("[S]tatutory procedures for removal are to be strictly construed"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand"); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court")").

[7] 28 U.S.C. § 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

*Am.*, 2001 WL 910409 (M.D.Ala. 2001) (after determining that remand was proper, explaining that, where "the removal [of the action by the defendant] was erroneous, [ ] no conduct by the plaintiff contributed to the erroneous removal, and [ ] an award is fair and equitable under all the circumstances," reasonable costs and attorney fees could be awarded to the plaintiff); and *Gardner v. Allstate Indem. Co.*, 147 F.Supp.2d 1257, 1261-67 (M.D.Ala. 2001) (holding that, where removal of action was erroneous, due to no fault by the plaintiffs, and the totality of the circumstances permitted an award of costs and attorney fees to the plaintiff, such an award may be granted under 28 U.S.C. § 1447(c)).

Plaintiff avers that each of the three elements found by the courts in *Caldwell* and *Gardner* are also present here, thus entitling him to an award of costs, expenses, and attorney fees. First, Plaintiff avers that the removal of this action was erroneous. The court agrees. As explained *supra*, Sportsstuff has failed to demonstrate to a legal certainty that the amount in controversy requirement is satisfied, and therefore this action should not have been removed to this court.

Second, Plaintiff argues that the erroneous removal was not due to any conduct of his own. The court disagrees. The removal of this action was based, at least in part, on the ambiguous language of Plaintiff's Complaint – i.e., the separate requests for damages against separate defendants – such that Sportsstuff, in determining

whether removal was appropriate, could not be certain whether Plaintiff sought only $74,500, or that amount for <u>each</u> of the four counts asserted in his Complaint. The lack of clarity in the Complaint contributed to the erroneous removal of this action.

Further, the court finds that the totality of the circumstances does not support an award of costs and attorney fees. As stated above, the manner in which Plaintiff drafted his Complaint contributed to the erroneous removal of this action. Further, the court notes that, as Sportsstuff argues, the removal was at least arguably proper in that the cases relied upon by the Plaintiff and which the court found persuasive as to the issue of non-aggregation of the Plaintiff's particular claims are cases that are not binding authority in this Circuit. Therefore, the motion for costs, expenses, and attorney fees is due to be **DENIED**.

## IV.   CONCLUSION

Based on the foregoing, the court finds that the Motion to Remand is due to be **GRANTED**. The motion for costs, expenses, and attorney fees is due to be **DENIED**.

A separate Order will be entered.

**DONE** this the fifth day of October, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge